CHRIS R. YOUNG
Attorney at Law
A Professional Corporation
339 Third Street
P O Box 1070
Havre, MT 59501
Phone: (406)265-4396
Fax: (406)265-1069
Attorney for Plaintiffs

FILED
GREAT FALLS DIV.

'07 FEB 21 AM 8 08

PATRICK ... ... ... ... ... ... BY
BY _____
DEPUTY CLERK

DENA TIPPETS
CLERK OF DISTRICT COURT

2007 JAN 22 P 4: 45

FILED

DEPUTY

## MONTANA TWELFTH JUDICIAL DISTRICT COURT, HILL COUNTY

J. MURRAY HURLBURT and RENEE
RATLIFF, individually and as
Personal Representatives of the Estate
of ARDELLE HURLBURT, deceased

     Plaintiffs,

vs.

Bondex, Inc.; Durabond Products Ltd;
Georgia Pacific Corp.; Flintkote Co.; The
Glidden Company, a/k/a ICI Paints North
America; John Does I, II, III, IV and V.

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

*Cause No.*  DV - 07 - 012

CV 07 - 016 - GF - SEH

**COMPLAINT AND JURY
DEMAND**

COMES NOW Plaintiffs, by and through counsel, and for their cause of action, allege:

## ALLEGATIONS COMMON TO ALL COUNTS

1. At all relevant times, Plaintiffs were and are citizens and residents of the State of Montana.

2. Defendant Bondex, Inc. is a foreign corporation primarily located in the State of South Carolina.

3. Defendant Durabond Products Ltd. is a foreign international corporation primarily located in the Province of Ontario, Canada.

4. Defendant Georgia Pacific Corp. is a foreign corporation primarily located in the State

of Georgia.

5. Defendant Flintkote Co. is a foreign corporation primarily located in the State of Delaware.

6. Defendant, The Glidden Company, a/k/a ICI Paints North America is a foreign corporation primarily located in the State of Ohio.

7. Defendants John Does I, II, III, IV and V are alter egos, alias' or unknown entities associated within the manufacture, marketing and financing of building, construction and/or design products.

### COUNT ONE—SURVIVORSHIP AND NEGLIGENCE

8. In approximately 1972, James A. Hurlburt and Ardell Hurlburt purchased products including, but not limited to, sheetrock, joint compound, ceiling texture and paint, manufactured and/or sold by Bondex, Inc., Durabond Products Ltd., Flintkote Co., Georgia Pacific Corp, The Glidden Company, a/k/a ICI Paints North America, and John Does I, II, III, IV and V..

9. The aforesaid products contained a substance, the generic name for which is asbestos, and components thereof.

10. James A. Hurlburt and his son, Plaintiff, J. Murray Hurlburt, used said products when finishing their home at 16 Hidden Valley Road, Havre, Hill County, Montana during the years 1972 through 1973.

11. Decedent Ardelle Hurlburt lived in the same house during said finishing work. She cleaned up after James and J. Murray Hurlburt's home improvement work and washed their clothes.  During these and other activities, decedent was exposed, through inhalation, ingestion or otherwise, to asbestos and/or asbestos containing products.

2

12. On or about January 26, 2004, decedent was diagnosed as suffering from mesothelioma, a fatal condition caused by exposure to asbestos. Prior to her diagnosis, decedent was not aware that exposure to asbestos or other asbestos containing products presented any risk of injury and/or disease to her, and she had not been advised or informed by anyone that she could contract, or indeed had contracted, any disease, sickness, or injury as a result of being in the vicinity of the products referred to herein.

13. Defendants, and each of them, knew, or in the exercise of reasonable care should have known, that the asbestos products which they manufactured, sold, and/or distributed were dangerous, poisonous, and/or harmful to a person's body, lungs, respiratory system, skin, and health. Defendants, and each of them, failed to exercise reasonable care in designing a reasonably safe product, and in warning decedent of the danger and harm associated with asbestos exposure without adequate protective equipment.

14. Defendants knew, or should have known, that the aforementioned asbestos and asbestos containing products would be used or handled in such a manner described herein resulting in the release of airborne asbestos fibers, and that through such foreseeable use and/or handling, "exposed persons", such as the decedent herein, would suffer personal injuries and death as a result thereof.

15. Defendants willfully and wantonly disregarded the safety of others in continuing to manufacture and market asbestos containing products, which Defendants knew created a substantial risk of physical harm to those exposed to such products.

16. As a direct and proximate result of Defendants' negligence, decedent Ardelle Hurlburt experienced great physical pain and suffering and mental and emotional distress.

3

## COUNT TWO: STRICT LIABILITY

17. Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 16 above.

18. Defendants are or were at the relevant times involved in the business of selling asbestos or asbestos containing products.  Each product referenced herein was expected to and did reach the user or consumer without substantial change in the condition in which it was sold.

19. Each product referenced herein was sold in a defective condition unreasonably dangerous to the user or consumer in that they contained harmful and deleterious asbestos fibers known, or in the exercise of reasonable care should have been known, by Defendants as possessing dangers to life and health.

20. Defendants placed their asbestos products on the market knowing that they would be used without inspection for such defects. James Hurlburt, J. Murray Hurlburt, and decedent used and interacted with said asbestos containing products in a reasonably foreseeable manner.

21. Defendants failed to give appropriate and comprehensive warnings concerning the hazardous exposure to asbestos fibers, or use of products which contain asbestos fibers.

22. As a direct and proximate result of Defendants actions and or failure to act, Decedent was exposed to the harmful effects of the asbestos fibers contained within said products. As a further direct and proximate result of Defendants' actions, and/or failures to act, Decedent contracted mesothelioma and experienced the resulting damages set forth herein.

## COUNT THREE: BREACH OF WARRANTY

23. Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 22, above.

24. Defendants warranted either expressly or impliedly that said asbestos containing products were merchantable.

25. Said asbestos containing products were not merchantable in that each contained harmful and deleterious asbestos fibers known to Defendants to be defective and harmful to humans exposed thereto and not suitable for the purposes of and uses for which said products were intended.

26. As a direct and proximate result of Defendants breach of warranty, Decedent was exposed to the harmful effects of the asbestos fibers contained within said products and contracted the fatal illness and experienced the resulting damages set forth herein.

## COUNT FOUR: WRONGFUL DEATH

27. Plaintiffs reallege and incorporate herein by reference, the allegations contained in paragraphs 1 through 26, above.

28. As decedent's heirs, Plaintiffs, J. Murray Hurlburt and Renee Ratliff are entitled to bring this action pursuant to § 27-1-513, M.C.A.

29. As a direct and proximate result of decedent's exposure to the harmful and deleterious asbestos products described above, decedent suffered fatal injuries to her lungs, respiratory and cardiovascular systems, and died on May 25, 2005 of mesothelioma.

30. As a direct and proximate result of the above described death, Plaintiffs, J. Murray Hurlburt and Renee Ratliff have been and will continue to be deprived of the society,

5

care, comfort and companionship of their mother and have incurred burial and internment costs.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.    For an award of decedent's general and special damages including, but not limited to, her pain and suffering, mental and emotional distress, and medical expenses;

2.    For an award of Plaintiffs, J. Murray Hurlburt and Renee Ratliff's general and special damages for the wrongful death and loss of the society, care, comfort and companionship of their mother;

3.    For Plaintiffs' allowable costs incurred herein; and

4.    For such other and further relief as the court deems just and proper.

Plaintiffs demand a trial by jury.

DATED this 22nd day of January, 2007.

_____
CHRIS R. YOUNG